**JIN XIANG CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–4216–ag.**

United States Court of Appeals, Second Circuit.

July 9, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Kristin A. Moresi, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Xiang Chen, a native and citizen of the People's Republic of China, seeks review of an August 7, 2008 order of the BIA, affirming the September 5, 2007 decision of Immigration Judge ("IJ") Jeffrey S. Chase, which denied his motion to reopen. *In re Jin Xiang Chen*, No. A072 416 273 (B.I.A. Aug. 7, 2008), *aff'g* No. A072 416 273 (Immig. Ct. N.Y. City Sept. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Chen's untimely and number-barred motion to reopen.

Chen argues that the agency erred by relying on its precedential decisions to summarily conclude that he failed to demonstrate material changed country conditions sufficient to excuse the time and number limitations for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Further, there is nothing in the agency's decisions compelling the conclusion that it failed to take into account all of Chen's evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.

2006). Moreover, although the agency may err in rejecting a document solely based on the alien's failure to properly authenticate the document pursuant to 8 C.F.R. § 287.6, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005), the BIA did not abuse its discretion in declining to accord more weight to Chen's unauthenticated evidence where that decision was also based on contrary evidence in the record, *see Xiao Ji Chen*, 471 F.3d at 342 (finding that the weight afforded to documentary evidence lies largely within the discretion of the agency).

Chen also asserts that the BIA erred in failing to address whether the U.S. Department of State's 2006 Country Report on Human Rights Practices and a 1988–2007 fine schedule in the record indicated that he would be subject to excessive fines amounting to persecution. However, neither that report nor the fine schedule indicates that country conditions have materially changed or that such fines would amount to economic persecution to someone in Chen's economic circumstances. *See Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir.2002).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).